**IN THE UNITED STATES DITRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LINDSEY LEE, WAYNE BALLARD, JR., JENNIFER BALLARD, RONALD ROBERTS, III, KATHRYN ROBERTS, ZACHARY RUSSELL, LACEY RUSSELL, LUIS HINOSTROZA, TIM ADDISON, II, STACY ADDISON, JONATHAN McMORRIS, AND GILBERT BANKSTON, III** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| **D.R. HORTON, INC. – GULF COAST, D.R. HORTON, INC., ACADIAN TRACE HOA, INC., LIVINGSTON PARISH COUNCIL, GEORGE KURZ, DAVID STANTON, JAKE LAMBERT, AUSTIN R. KINCHEN, NICOLE S. LATO, DAWNA TULLY, DANIELLE VADO, RAFAEL VADO, ROBERT W. BLANSETT, CURNESHIA S. SKINNER, JON JERMAINE PALMER, KYLE A. BURGAN, DEMERRIA DRAKE-YOUNG, KOURTIN MORRELL, JANICE MORGAN, PHILLIP J. DAVIDSON, JR., STEVEN J. SCAVO, JR., RICHARD M. ADAMS, JOSHUA P. SERRANO, JENNIFER GONZALES, DAWN SMITH, AND RYAN SMITH** | |

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

    **NOW INTO COURT**, through undersigned counsel, come the following individuals:

1)     **LINDSEY LEE** - a person of the full age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana;

2)     **WAYNE BALLARD, JR. and JENNIFER BALLARD** - both persons of the age of majority and resident domiciliaries of the Parish of Livingston, State of Louisiana;

1

3)      **RONALD ROBERTS, III and KATHRYN ROBERTS** - both persons of the age of majority and resident domiciliaries of the Parish of Livingston, State of Louisiana;

4)      **ZACHARY RUSSELL and LACEY RUSSELL** - both persons of the age of majority and resident domiciliaries of the Parish of Livingston, State of Louisiana;

5)      **LUIS HINOSTROZA** - a person of the full age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana;

6)      **TIM ADDISON, II and STACY ADDISON -** both persons of the age of majority and resident domiciliaries of the Parish of Livingston, State of Louisiana;

7)      **JONATHAN McMORRIS** - a person of the full age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana; and

8)      **GILBERT BANKSTON, III** - a person of the full age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana

(hereinafter collectively referred to as "Plaintiffs"), both individually and in their representative capacity, who respectfully move this Honorable Court as follows:

## **PROLOGUE**

*This litigation tells a modern day story of David versus Goliath. Goliath is D.R. Horton, a New York Stock Exchange company and self-described largest residential developer in the United States. "David" is the 10 families of Acadian Trace, who bought their homes in Acadian Trace subdivision prior to D.R. Horton's acquisition of the unimproved lots.*

*Ever since D.R. Horton purchased the development, the company placed its employees on the Homeowners Association Board of Directors and gave itself carte blanche authority to do what it pleases, when it pleases. Moreover, investigation reveals that D.R. Horton changed the approved subdivision elevation and drainage on the existing plat without any Livingston Parish approval.*

*The Acadian Trace Subdivision Board of Directors believes it is the ultimate authority of the Homeowners Association, responsible for overseeing all aspects of the association, including*

*finances, management, the employment of a professional property manager, the hiring and management of legal counsel, setting policy, enforcing the restrictive covenants, and ensuring the proper operation of the Homeowners Association[1]. This purported policy has allowed D.R. Horton to completely alter the building restrictions of the neighborhood, and by doing so, D.R. Horton has caused extensive damage to the prior homeowners by arbitrarily raising the elevation of all D.R. Horton lots without proper governmental authority, causing flooding and a lack of proper drainage. (**Recently, D.R. Horton has reached out to these affected parties with a letter in which D.R. Horton offers to "observe" the drainage issues**).*

*__These practices by D.R. Horton cannot be considered a mistake__. The change in the natural water flow as approved by the Livingston Parish Council was not followed which now causes rainwater to back up into some houses and floods carports.  As various Courts across the United States have made clear, D.R. Horton continues to be engaged in unfair practices "that offend established public policy and is immoral, unethical, oppressive, unscrupulous" solely for D.R. Horton's financial benefit[2].*

*Examples of D.R. Horton's practices are:*

- *In Re: Miami Florida Majorca Isles Condominiums - Mukamal v. Steven M. Gladstone, Steven M. Gladstone CPA & Associates, LLC N/K/A Gladstone & Company, LLC, D.R. Horton, Inc., and Amalia Papadimitriou, Docket No.: 12-19056-AJC, U.S. Bankruptcy Court for the Southern District of Florida; Verdict - $16.3 million dollar fine for breach of*

---

[1] There is ongoing litigation in Lafayette Parish for similar nefarious acts.  See *Nicole Vincent, et al. v. D.R. Horton, Inc. - Gulf South, et al.*, docket no. 2020-1172, 15th Judicial District Court.

[2] A review of D.R. Horton's SEC filings shows $400,000,000 is set aside for these types of "issues."

*fiduciary duty, breach of contract, unfair trade practices; See also www.independentamericancommunities.com/2016/11/07/judge-calls-dr-horton-greedy-corporate-giant-in-hoa-lawsuit;*

- *In Re Herons Landing Subdivision Jacksonville Florida - D.R. Horton, Inc. - Jacksonville v. Heron's Landing Condo. Ass'n of Jacksonville, Inc., 266 So. 3d 1201 (Fla. Dist. Ct. App. 2018); 9.6 million Dollar verdict from Florida Supreme Court for faulty building practices; see also Clark, K. (2017, Dec. 27), www.actionnewsjax.com/news/local/herons-landing-community-still-waiting-on-millions-in-settlement-money-from-homebuilder-dr-horton/669957321;*

- *The North Carolina Attorney General's Office has investigated 20 complaints filed by homeowners against the developers since late 2014. In documents WECT obtained from the NCAGO, complaints ranged from flooded homes blamed on the construction to subcontractors allegedly filling up 5-gallon buckets at a homeowner's outside faucet to be used at nearby homes under construction; DelPrete, C. (2018, June 13), www.wect.com/story/38415113/wect-investigates-history-of-distrust-between-homeowners-and-dr-horton.*

- *Conservatory Neighborhood Aurora Colorado - 13.5 million dollar loss in arbitration for a faulty drainage system; Armbrister, M. (2017, Apr. 11), www.bizjournals.com/denver/news/2017/04/11/aurora-hoa-wins-13-5-million-award-in-dispute-with.html.*

- *Aurora CO -Prairie Ridge at Saddle Rock Neighborhood – 4 million dollar arbitration award against DR Horton for faulty construction;*

*www.denver.cbslocal.com/2021/03/17/d-r-horton-ordered-to-pay-to    -repair-crumbling-community;*

- *Superior, Colorado – HOA awarded $39.5 million settlement for building defects, including cracked foundations and walls and poor land drainage, Zurier, S. (2005, Oct. 27), www.builderonline.com/building/regulation-policy/suit-settled_o;*

- *Smith v D.R. Horton - 2016 - South Carolina Supreme Court rules that arbitration clauses in D.R. Hortons Sales contracts are unconstitutional; Smith v. D.R. Horton, Inc., 417 S.C. 42, 790 S.E.2d 1 (2016);*

- *Denver CO - Carlyle Park in Highlands Ranch - $19.5 million settlement to repair homes, Carlyle Park Homeowners Association v. DR Horton, Inc., et al., Case No. 03CV1345 (Arapahoe County, Colorado District Court);*

- *Colorado – multiple developments have filed suit against D.R. Horton, claiming defects due to shoddy construction; www.denver.cbslocal.com/2011/07/14/dozens-of-homeowners-sue-d-r-horton-over-building-defects;*

- *30 homeowners in the Vista Veja subdivision in Albuquerque New Mexico have filed suit for construction defects, Plaintiffs are filing suit under the consumer protection law; www.abqjournal.com/1272363/homeowners-sue-d-r-horton-over-workmanship;*

- *Nevada De Paz Neighborhood - 14 separate settlements with D.R. Horton involving landscaping and construction defects; Azure Manor/Rancho de Paz Homeowners Association v. D.R. Horton, Inc., et al., Docket No.: A-15-722312-D, District Court, Clark County, Nevada;*

- *Oregon DEQ fined D.R. Horton 66k for violating building permits; Vaughn, C. (2017, Aug. 11), www.pamplinmedia.com/scs/83-news/360994-251427-dr-horton-nabbed-again-by-state-for-wetlands-erosion-issues;*

- *Denham Springs LA - Martin v DR Horton and Alliant Air Conditioning - D.R. Horton built numerous faulty homes with incompatible air conditioners causing massive electricity bills and systems failures; Martin v. D.R. Horton, Inc., Docket No.: 07-940-RET-DLD, U.S.D.C., M.D. LA;*

- *Florida - D.R. Horton installed a community-wide underdrain system which was intended to move foundation ground water away from the homes and under the streets. The system failed due to improper design and construction, which caused water to back up into several homes. Additionally, D.R. Horton's contractors buried the access points under the asphalt, without leaving any markings or a map of their exact locations, making maintenance of the system impossible. After a two-week arbitration hearing that involved expert testimony regarding hydrology, geohydrology, geochemistry and soil mechanics, the arbitrator awarded the Association $7,683,000, after payment of all fees and costs; Schindler, A. (2019, Nov. 19), www.firstcoastnews.com/article/news/local/victory-or-cautionary-tale-after-years-of-legal-battles-condo-owners-finally-win-fight-against -dr-horton;*

- *D.R. Horton is under investigation for installing faulty water piping in thousands of homes in Alabama; Gauntt, J. (2018, May 16), wbrc.com/story/38210106/more-frustrated-homeowners-come-forward-about-water-leaks-dr-horton-built-homes;*

- *Vitale v DR Horton - Multiple home owners are suing in Hawaii for the installation of faulty hurricane straps in constructed homes; 2016 WL 4203399;*

- *North Carolina - Existing homeowners complained of flooding after D.R. Horton began developing a subdivision nearby; DelPrete, C. (2018, April 24). "Neighbors Blame DR Horton for Flooded Backyards." www.wect.com/story/38031006/neighbors-blame-dr-horton-for-flooded-backyards;*

- *Zachary, Louisiana - D.R. Horton subdivision construction is blamed for flooding of existing homes - McClure, Olivia. "Zachary resident says new Meadow View development is causing flooding and other problems." The Advocate, 2/26/19;*

- *Texas - Homeowners in Dallas-Fort Worth complain of flooding after construction of a D.R. Horton Subdivision - Zheng, L. (2020, Jan. 17). "Fort Worth Subdivision Adds to Flood Problems, Landowner Says." www.nbcdfw.com/news/local/fort-worth-subdivision-adds-to-flood-problems-owner-says/2294320;*

- *South Carolina - Residents of Myrtle Beach blame D.R. Horton subdivision construction for flooding problems to existing homes - Kummerer, S. (2019, Sept. 19). "Neighborhoods Voicing Concerns Over Flooding Impacts from Rapid Housing Growth." www.wmbfnews.com/2019/09/29/neighborhoods-voicing-concerms-over-flooding-impacts-rapid-housing-growth.*

## <u>OVERVIEW</u>

1.

Plaintiffs, individually as property owners of certain residential lots in Acadian Trace Subdivision in Livingston Parish seek a declaratory judgment and damages against defendants, D.R. Horton, Inc. - Gulf Coast and D.R. Horton, Inc., enjoining any further construction of

residential homes in their subdivision which violate the original *Declaration of Covenants and Restrictions for Acadian Trace and Dedication and Transfer of Common Properties.*[3]

2.

In addition to or in the alternative, Plaintiffs, individually and in their representative capacity as members of the Acadian Trace HOA, Inc., seek a declaratory judgment to void and nullify the *Termination of Declaration of Building Restrictions and Predial Servitudes*[4], executed contemporaneously with the *Assignment of Developer Rights* to Defendant D.R. Horton, Inc. - Gulf Coast[5].   With the recordation of these two (2) documents, Defendant D.R. Horton, Inc. - Gulf Coast essentially unilaterally did away with the restrictive covenants that had been in place for nearly a decade, to the detriment of Plaintiffs.

3.

Pursuant to Fed. R. Civ. P. 57, *et seq.*, Plaintiffs seek a Declaration by this Honorable Court that said *Termination of Declaration of Building Restrictions and Predial Servitudes* is unlawful and unenforceable.

4.

In addition to or in the alternative, Plaintiffs, individually and in their representative capacity as members of Acadian Trace HOA, Inc., seek a declaratory judgment to void and nullify

---

[3] Recorded in the office of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, at file number 720645 on June 11, 2010, incorporated herein by reference thereto (as Exhibit A (*in globo*)).

[4] Recorded in the office of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, at file number 940343 on January 16, 2019, incorporated herein by reference thereto (as Exhibit B (*in globo*)).

[5] Recorded in the office of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, at file number 940344 on January 16, 2019, incorporated herein by reference thereto (as Exhibit C (*in globo*)).

the *Amended and Restated Declaration of Covenants and Restrictions for Acadian Trace Subdivision*[6], which Defendant D.R. Horton, Inc. - Gulf Coast enacted without any approval or input from Plaintiffs or any other members of Acadian Trace HOA, Inc., to Plaintiffs' detriment and Defendant's benefit.

5.

Said *Amended and Restated Declaration of Covenants and Restrictions for Acadian Trace Subdivision* is so grossly and unevenly weighted in D.R. Horton, Inc. - Gulf Coast's favor that no reasonable mind could believe that, had they been given the choice, any of Plaintiffs would have willingly agreed to same.

6.

This "lopsided" document is a violation of public policy, and Plaintiffs therefore request a Declaration by this Honorable Court that said *Amended and Restated Declaration of Covenants and Restrictions for Acadian Trace Subdivision* are invalid, unlawful, and unenforceable.

7.

In addition to or in the alternative, Plaintiffs aver that since D.R. Horton, Inc. - Gulf Coast acquired the unimproved lots and began building more homes in Acadian Trace, Plaintiffs have suffered issues with flooding and improper drainage of their properties, which Plaintiffs aver is due solely to improper construction practices and/or faulty construction related to the subdivision topography on the part of D.R. Horton, Inc. - Gulf Coast.

---

[6] Recorded in the office of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, at file number 942002 on February 13, 2019, incorporated herein by reference thereto (as Exhibit D (*in globo*)).

8.

Plaintiffs did not have any problems with flooding and improper drainage prior to D.R. Horton, Inc. - Gulf Coast's venture into Acadian Trace.

## **VENUE AND JURISDICTION**

9.

Venue is proper pursuant to 28 U.S.C. § 1331 because this action arises under the law of the United States, and 18 USC 1964(c) because plaintiffs assert claims under the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 USC 1961 *et. seq.*

10.

Venue is proper under 28 USC 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims in this complaint arise in the Middle District of Louisiana. For Example D.R. Horton, Inc. - Gulf Coast, Acadian Trace HOA, Inc., and the Acadian Trace subdivision are located in the Middle District of Louisiana. Upon information and belief this is where Defendants Lambert, Kurtz, Acadian Trace HOA, Inc., and D.R. Horton, Inc. - Gulf Coast coordinated their roles in the conspiratorial effort.

11.

Under 28 U.S.C. § 1367, this Court has jurisdiction to hear claims not under federal law under the doctrine of supplemental jurisdiction. Plaintiffs request that that Court exercise this discretion.

## PARTIES

### Plaintiffs

12.

Plaintiffs are and seek to represent homeowners of certain lots in Acadian Trace Subdivision in Albany, Louisiana.  By law and contract, Plaintiffs are mandatory members of Acadian Trace HOA, Inc.  Plaintiffs acquired their respective lots and/or homes and became members of the HOA prior to the unlawful actions of Defendants set forth herein, and Plaintiffs shall suffer irreparable harm and injury if D.R. Horton, Inc. - Gulf Coast's construction activity is not enjoined and other relief prayed for is not granted.

13.

Plaintiff, **Lindsey Lee**, acquired the property bearing the municipal address of 28371 Longfellow Lane in Albany, Louisiana on or about September 9, 2011.

14.

Plaintiffs, **Wayne Ballard, Jr. and Jennifer Ballard**, acquired the property bearing the municipal address of 28468 Longfellow Lane in Albany, Louisiana on or about June 25, 2014. Although **Jennifer Ballard** has since executed a quitclaim and has no interest in the subject property, she has nonetheless suffered mental anguish and emotional damages as a result of Defendants' actions.

15.

Plaintiff, **Ronald Roberts, III**, acquired the property bearing the municipal address of 28400 Longfellow Lane in Albany, Louisiana on or about November 30, 2015.  Plaintiff, **Kathryn Roberts**, married Ronald Roberts, III after his purchase of the subject property, but has nonetheless suffered mental anguish and emotional damages as a result of Defendants' actions.

16.

Plaintiffs, **Zachary Russell and Lacey Russell**, acquired the property bearing the municipal address of 30291 Mouton Lane in Albany, Louisiana on or about June 20, 2016.

17.

Plaintiff, **Luis Hinostroza**, acquired the property bearing the municipal address of 28458 Evangeline Lane in Albany, Louisiana on or about June 11, 2010.

18.

Plaintiffs, **Tim Addison, II and Stacy Addison**, acquired the property bearing the municipal address of 28417 Evangeline Lane in Albany, Louisiana on or about June 20, 2016.

19.

Plaintiff, **Jonathan McMorris**, acquired the property bearing the municipal address of 28469 Evangeline Lane in Albany, Louisiana on or about January 5, 2012.

20.

Plaintiff, **Gilbert Bankston, III**, acquired the property bearing the municipal address of 28414 Evangeline Lane in Albany, Louisiana on or about May 14, 2015.


### **Defendants**

21.

Made defendants herein are the following:

1)     **D.R. HORTON, INC. - GULF COAST,** a foreign corporation domiciled in the State of Delaware, licensed to do, and doing business in, the State of Louisiana, with their registered office in the State of Louisiana located in the Parish of East Baton Rouge, who may be served through their agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

2)  **D.R. HORTON, INC.** - a foreign corporation domiciled in the State of Delaware, licensed to do, and doing business in, the State of Louisiana, with their registered office in the State of Louisiana located in the Parish of East Baton Rouge, who may be served through their agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816;

3)  **ACADIAN TRACE HOA, INC.** - a Louisiana corporation domiciled in the Parish of Livingston, State of Louisiana, who may be served through their registered agent, George A. Kurz, 7696 Vincent Road, Denham Springs, Louisiana, 70726;

4)  **LIVINGSTON PARISH COUNCIL** - a governmental subdivision of the Parish of Livingston, State of Louisiana, who may be served through their agent for service of process, Layton Ricks, Livingston Parish President, 20399 Government Boulevard, Suite 2, Livingston, Louisiana, 70754;

5)  **GEORGE KURZ** - a person of the full age of majority and registered agent for Acadian Trace HOA, Inc., who can be served at 7696 Vincent Road, Denham Springs, Louisiana, 70726;

6)  **DAVID STANTON** - a person of the full age of majority and officer for Acadian Trace HOA, Inc., who can be served at the HOA's domicile address of 7696 Vincent Road, Denham Springs, Louisiana, 70726;

7)  **JAKE D. LAMBERT** - a person of the full age of majority and officer for Acadian Trace HOA, Inc., who can be served at the HOA's domicile address of 7696 Vincent Road, Denham Springs, Louisiana, 70726;

22.

In addition to the Defendants listed hereinabove at 1-7, Plaintiff **LINDSEY LEE** asserts her claims against the following defendants, who own the two lots adjoining her residence:

8)  **AUSTIN R. KINCHEN** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 48 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28367 Longfellow Lane, Albany, Louisiana, 70711;

9)  **NICOLE S. LATO** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 50 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28375 Longfellow Lane, Albany, Louisiana, 70711;

23.

In addition to the Defendants listed hereinabove at 1-7, Plaintiffs **WAYNE BALLARD,**

**JR. and JENNIFER BALLARD** assert their claims against the following defendant, who owns

the lot adjoining their residence:

10) **DAWNA TULLY** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 2 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28464 Longfellow Lane, Albany, Louisiana, 70711;

24.

In addition to the Defendants listed hereinabove at 1-7, Plaintiffs **RONALD ROBERTS,**

**III and KATHRYN ROBERTS** assert their claims against the following defendants, who own

the two lots adjoining their residence:

11) **DANIELLE VADO** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 33 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28404 Longfellow Lane, Albany, Louisiana, 70711;

12) **RAFAEL VADO** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 33 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28404 Longfellow Lane, Albany, Louisiana, 70711;

13) **ROBERT W. BRANSETT** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 35 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28396 Longfellow Lane, Albany, Louisiana, 70711;

25.

In addition to the Defendants listed hereinabove at 1-7, Plaintiffs **ZACHARY RUSSELL**

**and LACEY RUSSELL** assert their claims against the following defendants, who own the two

lots adjoining their residence:

14) **CURNESHIA S. SKINNER** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 62 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 30287 Mouton Lane, Albany, Louisiana, 70711;

15) **JON JERMAINE PALMER** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 62 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 30287 Mouton Lane, Albany, Louisiana, 70711;

16) **KYLE A. BURGAN** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 64 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 30295 Mouton Lane, Albany, Louisiana, 70711;

26.

In addition to the Defendants listed hereinabove at 1-7, Plaintiff **LUIS HINOSTROZA**

asserts his claims against the following defendants, who own the two lots adjoining his residence:

17) **DEMERRIA DRAKE-YOUNG** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 68 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28462 Evangeline Lane, Albany, Louisiana, 70711;

18) **KOURTIN MORRELL** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 68 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28462 Evangeline Lane, Albany, Louisiana, 70711;

19)   **JANICE MORGAN** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 70 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28454 Evangeline Lane, Albany, Louisiana, 70711;

27.

In addition to the Defendants listed hereinabove at 1-7, Plaintiffs **TIM ADDISON, II and**

**STACY ADDISON** assert their claims against the following defendants, who own the two lots

adjoining their residence:

20)   **PHILLIP J. DAVIDSON, JR.** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 92 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28413 Evangeline Lane, Albany, Louisiana, 70711;

21)   **STEVEN J. SCAVO, JR.** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 94 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28421 Evangeline Lane, Albany, Louisiana, 70711;

28.

In addition to the Defendants listed hereinabove at 1-7, Plaintiff **JONATHAN**

**McMORRIS** asserts his claims against the following defendants, who own the two lots adjoining

his residence:

23)   **RICHARD M. ADAMS** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 105 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28465 Evangeline Lane, Albany, Louisiana, 70711;

24)   **JOSHUA P. SERRANO** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 107 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28473 Evangeline Lane, Albany, Louisiana, 70711;

29.

In addition to the Defendants listed hereinabove at 1-7, Plaintiff **GILBERT BANKSTON, III** asserts his claims against the following defendants, who own the two lots adjoining his residence:

25) **JENNIFER GONZALES** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 81 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28410 Evangeline Lane, Albany, Louisiana, 70711;

26) **DAWN SMITH** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 79 of Acadian Trace Subdivision in Livingston Parish, who may be served at her place of residence, 28418 Evangeline Lane, Albany, Louisiana, 70711; and

27) **RYAN SMITH** - a person of the age of majority and resident domiciliary of the Parish of Livingston, State of Louisiana, and, upon information and belief, the owner of Lot 79 of Acadian Trace Subdivision in Livingston Parish, who may be served at his place of residence, 28418 Evangeline Lane, Albany, Louisiana, 70711.

30.

The Defendants listed above at numbers 8 through 27 are referred to hereinafter collectively as "Homeowner Defendants."

## **FACTUAL BACKGROUND**

Acadian Trace is a residential subdivision in Albany, Louisiana.[7]

---

[7] The final plat for Acadian Trace Subdivision was prepared by Ronald K. Ferris, dated April 8, 2008, and is recorded in Plat Book 59, Page 452, File No. 667721 in the official records of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, incorporated herein by reference thereto (as Exhibit E).

29.

The initial developer of Acadian Trace was The Resource Foundation, Inc., a Tennessee non-profit corporation. The Resource Foundation acquired the property for the subdivision from Acadian Trace, L.L.C. on or about May 27, 2008.[8]

31.

The Resource Foundation, Inc. initially developed the Acadian Trace subdivision with the Louisiana Housing Authority and other lenders as a ***Manufactured Housing Development***.[9]

32.

On or about June 9, 2010, The Resource Foundation, Inc. filed the Articles of Incorporation of Acadian Trace HOA, Inc. with the Louisiana Secretary of State.[10]

33.

The purpose for the creation of Acadian Trace HOA, Inc. (the "HOA"), as stated in its Articles of Incorporation, included, *inter alia*, "[p]erforming all of the duties and obligations of the Corporation in connection with building restrictions (the "Restrictions") that may be imposed on property located in Livingston Parish, Louisiana, and developed as Acadian Trace Subdivision (the "Subdivision")."[11]

---

[8] See Act of Sale executed by Peggy D. Westerman, Managing Member of Acadian Trace, L.L.C., recorded in the office of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, at file number 670203 on May 27, 2008, incorporated herein by reference thereto (as Exhibit F (*in globo*).

[9] Reference Made to the original final approved plat

[10] Exhibit G (*in globo*), incorporated herein by reference thereto.

[11] Exhibit G, p. 2.

34.

The stated purpose of the *Declaration of Covenants and Restrictions for Acadian Trace and Dedication and Transfer of Common Properties* (the "Declaration") was "the creation of a residential community having a uniform plan of development ***and the preservation of property values and amenities in that community... to protect Owners against such improper use of surrounding Lots as will depreciate the value of their property***; to guard against the erection thereon of poorly designed or proportioned structures, and structures built of improper or unsuitable materials... ***to prevent haphazard and inharmonious improvements of Lots; to secure and maintain building site locations and setbacks; and in general to provide adequately for quality improvements of the Property and thereby enhance the values of investments made by the Developer and the purchasers of Lots***.[12]"  This Declaration also provided that "[t]he [Developer] Committee will encourage Owners to ***utilize designs which have not been previously used on the Property.***"[13]

35.

Plaintiffs purchased their respective subdivision lots and/or homes in reliance on the foregoing community documents, which created the restrictive subdivision regime.

36.

In no uncertain terms, the Developer's (The Resource Foundation, Inc.'s) written representations created the reasonable expectation that the subdivision would be a highly restricted subdivision with strict enforcement mechanisms in place to ensure that the value of each owner's investment would be protected.

---

[12] Exhibit A, p. 2 (Emphasis added).

[13] Exhibit A, p. 4 (Emphasis added).

37.

Plaintiffs constructed their homes and/or purchased homes built in strict compliance with the restrictions contained in the Declaration.

38.

On or about January 16, 2019, The Resource Foundation, Inc. sold Lots 2-6, 8, 10-13, 15, 17-19, 22-24, 26, 28-33, 35-39, 41-48, 50-54, 56-60, 62, 64, 66, 68, 70-76, 78, 79, 81-77, 89-92, 94-97, 99, 100-105, and 107 to D.R. Horton, Inc. - Gulf Coast.[14]

39.

On or about January 16, 2019, The Resource Foundation, Inc. also executed an *Assignment of Developer Rights*[15] to D.R. Horton, Inc. - Gulf South, assigning all of its rights as Developer pursuant to the Declaration.

40.

On or about January 16, 2019, The Resource Foundation, Inc., the State of Louisiana, acting by and through the Division of Administration, Office of Community Development, and LISC Louisiana Loan Fund, L.L.C., executed a *Termination of Declaration of Building Restrictions and Predial Servitudes*[16] (the "Termination"), effectively removing all of the restrictive covenants that had served to protect Plaintiffs and other homeowners in Acadian Trace Subdivision from substandard construction, inharmonious design, and other design and/or construction issues which could lead to diminution of their property values.

---

[14] See Act of Cash Sale executed by E. D. Latimer, IV, Chief Executive Officer for The Resource Foundation, Inc., recorded in the office of the Clerk and Recorder for the Parish of Livingston, State of Louisiana, at file number 940348 on January 16, 2019, incorporated herein by reference thereto (*see* Exhibit H (*in globo*)).

[15] Exhibit C (*in globo*).

[16] Exhibit B (*in globo*).

41.

**The Termination was executed and filed without the consent or signatures of the existing lot owners in Acadian Trace.**

42.

On or about February 13, 2019, Defendant D.R. Horton, Inc. - Gulf Coast filed the *Amended and Restated Declaration of Covenants and Restrictions for Acadian Trace Subdivision*[17] (the "Amended Declaration").  This document unilaterally altered the Declaration (as it existed prior to the execution of the Termination) to allow D.R. Horton, Inc. - Gulf Coast to construct considerably less restrictive houses in the subdivision.  Significant differences between the original Declaration and the Amended Declaration include, but are not limited to, the following:

1)      the Amended Declaration removed the provision in Section 4.1(c) that Owners would be encouraged to "utilize designs that have not been previously used on the Property."

2)      the original Declaration required that design and construction plans for the initial construction of homes on lots be submitted for approval to the Developer Committee prior to the initiation of construction on the lots; the Amended Declaration added the requirement that each set of plans submitted to the review committee be accompanied by a Three Hundred and 00/100 ($300.00) non-refundable "Review Fee."

3)      the Amended Declaration added the requirement that any modifications to structures, including painting, renovations, and landscaping, had to be approved by the Architectural Control Committee (ACC).

4)      the Amended Declaration required that the HOA (and thereby the individual owners, including Plaintiffs) be responsible for the reasonable costs of operation of the ACC, including payment of professionals and staff assisting the ACC.

5)      the original Declaration set the Annual Assessment at One Hundred Twenty and 00/100 ($120.00) per lot and required that any change in the amount of the Annual Assessment have the approval of two-thirds (2/3) of the votes of the Owners.  The

---

[17] Exhibit D (*in globo*).

Amended Declaration did not set forth a specific amount for the Annual Assessment, but instead stated that "Regular Assessments are based on the annual budget. Each Lot is liable for its share of the annual budget." It is important to note, however, that the Amended Declaration **specifically exempts D.R. Horton, Inc. - Gulf Coast** from paying any of its share as a Lot Owner.

6)      the original Declaration required that no residence was permitted that had less than one thousand, two hundred (1,200) square feet of heated living area; the Amended Declaration removed this restriction.

7)      the original Declaration included very specific minimum required setbacks, which requirements were not included in the Amended Declaration.

8)      the original Declaration had specific requirements for garages, carports, trees, fireplace flues, accessory buildings, and utilities that were not included in the Amended Declaration.

43.

D.R. Horton, Inc. - Gulf Coast appointed Defendants George Kurz, David Stanton and Jake Lambert as the Board of Directors of Acadian Trace HOA, Inc. Upon information and belief, Defendants George Kurz, David Stanton, and Jake Lambert now or were are all employees of D.R. Horton, Inc. - Gulf Coast at the time of the actions as described herein.

44.

The original community documents, particularly the Declaration, created a contract between the individual lot owners and the HOA, including its Developer Committee (called the "Architectural Committee" in the Amended Declaration). The Defendants' contractual duties included enforcement of the Declaration of Covenants (Association Covenants), protection of the aesthetic and monetary values of the Subdivision and each Owner's property, and preservation of the standards and ideals on which the Subdivision was conceived.

45.

Prior to construction, D.R. Horton, Inc. - Gulf Coast, fraudulently acting without governmental approval, raised all the lots purchased by an elevation of two (2) feet, changing the natural water flow as designed in the final plat.[18]

46.

**The redirection of the water flow from the approved final plat is considered a violation of the Livingston Parish ordinances in effect in January 2019.**

47.

Following its January 16, 2019 acquisition, D.R. Horton, Inc. - Gulf Coast began the construction of houses in Acadian Trace subdivision which are in violation of the natural and legal drainage servitudes.

48.

In the summer of 2019, D.R. Horton raised each of their lots two (2) feet and changed the front half of the lots to flow to the street. The water flow directed to the street forced water on to the street that then flowed onto the lower lots that were two feet lower.

49.

The construction of these lots was not in accordance with the drainage plan and thus caused and continues to cause drainage failure of the subdivisions' streets.

50.

By altering the natural flow of draining so that defendants' properties drain onto plaintiffs' properties, defendants created a servitude of drainage over plaintiffs' properties that were

---

[18]The final plat provided for water flow from the street to the rear of the lot.

previously unburdened by such a servitude or easement, which placement is in contravention of the laws of the State of Louisiana, including, but not limited to, LSA- C.C. arts. 655 and 656.

51.

Defendants did not have any servitude, easement, or other rights under law or contract with plaintiffs that allowed defendants or their predecessors in title to utilize or further burden the plaintiffs' properties or to permanently occupy and burden the plaintiffs' properties with additional water, including storm water, discharged by homes of homeowner defendants.

52.

As D.R. Horton built houses in Acadian Trace and Louisiana summer rains began, the plaintiffs began to experience water flow issues.

53.

Water discharged at high volume from homeowner defendants' homes as a result of D.R. Horton, Inc. – Gulf South and D.R. Horton, Inc.'s unlawful and impermissible elevation of homeowner defendants' lots amounts to a physical invasion and occupation of plaintiffs' properties and the ownership rights of plaintiffs, encumbering their interests pursuant to LSA- C.C. art. 477.

54.

D.R. Horton sent out a letter offering to "observe" the potential drainage issues. However, they failed to take adequate steps to correct the issue of flooding when informed of the problem.

55.

Defendants knew or should have known that raising the elevation of their homesites and altering the drainage system, installing community-wide drainage modifications, and building their

24

homes would cause the destruction of plaintiffs' drainage rights, thus causing plaintiffs' properties to flood and hold water.

56.

The unapproved, illegal, and impermissible actions of defendants D.R. Horton, Inc. – Gulf South and D.R. Horton, Inc. have caused sewage and other untreated water to intrude into plaintiffs' homes, causing damage to the property along with health concerns for plaintiffs and their minor children.

57.

Livingston Parish Council, under the belief that the homes were in compliance with the Parish rules and regulations, continued to approve the construction of the homes in the Acadian Trace subdivision.

58.

**Of course, the Livingston Parish Council was "duped" by D.R. Horton.**[19]

59.

Acadian Trace HOA, Inc. has failed to act in the best interest of the Homeowners it was organized to represent and continues to allow substandard construction to interfere with the natural and legal drainage servitudes.

60.

During development of the Acadian Trace subdivision, D.R. Horton, Inc. - Gulf Coast employees George Kurz, Adam Lambert, and David Stanton were appointed as the Board of Directors of the Acadian Trace Homeowners Association.

---

[19] Documents received by counsel pursuant to a public records request to the Council show that there was no approval of substantial changes.

61.

George Kurz was hired by the Acadian Trace Homeowners Association to be the "property manager".

62.

Under the Articles of Incorporation of Acadian Trace HOA, Inc., each owner of a Lot is a member of the Corporation.

63.

Acadian Trace HOA, Inc. has failed to pursue action against D.R. Horton, Inc. - Gulf Coast for the flooding which has taken place in Acadian Trace Subdivision.

64.

Acadian Trace HOA, Inc., by failing to take action, is harming the interests of its members and is diluting the value of their interests in Acadian Trace HOA, Inc., as well as their individual homes.

65.

Acadian Trace HOA, Inc., through mail and email, has threatened Plaintiffs with liens on their homes.

66.

Acadian Trace HOA, Inc. is currently incapable of representing the rights and interests of the homeowners of Acadian Trace subdivision due to the conflicted "interested directors" who were put into positions of power and control.

**Federal Claims**

.

## COUNT I  CIVIL RICO

**(ALL PLAINTIFFS AGAINST D.R. HORTON, D.R. HORTON, INC. - GULF COAST, ACADIAN TRACE HOA, INC., GEORGE KURZ, ADAM LAMBERT, AND DAVID STANTON.)**

**The Acadian Trace -D.R. Horton- D.R. Horton, Inc. - Gulf Coast- Rico Enterprise**

67.

The following persons, and other persons presently unknown, have been members of and constitute an "association-in-fact enterprise" within the meaning of RICO, and will be referred to herein collectively as the "Enterprise":

a. D.R. Horton, Inc. - Gulf Coast, which designed and built the faulty construction knowing they were actively violating drainage and construction laws and which actively concealed the scope and nature of this defect from and lied to the public and Plaintiffs regarding the effects of their development, populated the board of directors of the Acadian Trace Homeowners Association with its own employees, and collaborated with those employees and the association to injure Plaintiffs.

b. D.R. Horton, Inc., which actively created and controlled D.R. Horton, Inc. - Gulf Coast and D.R. Horton, Inc. - Gulf Coast's actions and financially benefited from these actions and used the proceeds of these actions to injure Plaintiffs.

c. George Kurz, who worked for both D.R. Horton, Inc. - Gulf Coast and as a member of the Board of Directors for the Acadian Trace Homeowners Association, who acted fraudulently in operating the Association to the detriment of Plaintiffs in order to benefit himself personally and benefit D.R. Horton, Inc. - Gulf Coast and D.R. Horton, Inc. and used these actions to injure plaintiffs.

27

d.  David Stanton, who worked for both D.R. Horton, Inc. - Gulf Coast and as a
member of the Board of Directors for the Acadian Trace Homeowners
Association, who acted fraudulently in operating the Association to the detriment
of Plaintiffs in order to benefit himself personally and benefit D.R. Horton, Inc. -
Gulf Coast and D.R. Horton, Inc. and used these actions to injure plaintiffs.

e.  Jake Lambert, who worked for both D.R. Horton, Inc. - Gulf Coast and as a
member of the Board of Directors for the Acadian Trace Homeowners
Association, who acted fraudulently in operating the Association to the detriment
of Plaintiffs in order to benefit himself personally and benefit D.R. Horton, Inc. -
Gulf Coast and D.R. Horton, Inc. and used these actions to injure plaintiffs.

f.  Acadian Trace HOA, Inc., who worked in concert with and on behalf of D.R.
Horton, Inc. - Gulf Coast and D.R. Horton, Inc. to fraudulently conceal the
actions of D.R. Horton, Inc. and whose actions directly injured Plaintiffs.

68.

The Enterprise, which engages in and whose activities affect interstate and foreign
commerce is an association in fact of corporate entities and persons associated together for a
common purpose. The Enterprise has an ongoing organization with an ascertainable structure
and functions as a continuing unit with separate roles and responsibilities.

69.

While D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert
David Stanton and Acadian Trace HOA, Inc. participate in the conduct of the Enterprise, they
have an existence separate and distinct from the Enterprise. Further, the Enterprise is separate

28

and distinct from the pattern of racketeering in which D.R. Horton, Inc. - Gulf Coast, D.R. Horton, and Acadian Trace HOA, Inc. engage.

70.

At all relevant times, D.R. Horton, Inc. has operated, controlled, or managed the enterprise, through various actions. D.R. Horton, Inc.'s participation in the Enterprise is necessary for the scheme to defraud because (among other reasons) D.R. Horton, Inc. designed, financed, and supervised and actively concealed D.R. Horton, Inc. - Gulf Coast's faulty development and fraudulent concealment of the structural and drainage issues from Plaintiffs and the public authorities, and has profited and is profiting from its concealment and lies.

71.

At all relevant times, D.R. Horton, Inc. - Gulf Coast has operated, controlled, or managed the Enterprise, through various actions. D.R. Horton, Inc. - Gulf Coast's participation in the Enterprise is necessary for the scheme to defraud because (among other reasons) D.R. Horton, designed, financed, and supervised  the construction of the faulty development and fraudulently concealed the structural and drainage issues from Plaintiffs and the public authorities, and has profited and is profiting from its concealment and lies.

72.

At all relevant times, Acadian Trace HOA, Inc. has operated, controlled, or managed the enterprise, through various actions. Acadian Trace HOA, Inc.'s participation in the Enterprise is necessary for the scheme to defraud because, (among other reasons), Acadian Trace HOA, Inc. suppressed the residents of the neighborhood and promoted the faulty development and fraudulent concealment of the structural and drainage issues from Plaintiffs and the public authorities, and has profited and is profiting from its concealment and lies.

73.

D.R. Horton, Inc., D.R. Horton, Inc. - Gulf Coast, and Acadian Trace HOA, Inc., as members of the Enterprise, serve a common purpose, among other things, preserve the collusive relationship between D.R. Horton, Inc., D.R. Horton, Inc. - Gulf Coast, and Acadian Trace HOA, Inc., as described throughout this complaint.

74.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. benefit from this common purpose as described throughout this complaint.

75.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. conduct and participate in the conduct of the affairs of the Enterprise through a pattern of racketeering activity that has consisted of numerous and repeated violations of the federal mail and wire fraud statutes, which prohibit the use of any interstate or foreign mail or wire facility for the purpose of executing a scheme to defraud in violation of 18 USC 1341 and 1343.

76.

For D.R. Horton, Inc., the purpose of this scheme is detailed throughout the complaint. For example, D.R. Horton, Inc. participates in the Enterprise in order to increase the value of the publicly traded company, by avoiding land restrictions, allowing the company to build more houses and to *inter alia* avoid the costs associated with complying with proper drainage and construction laws. By concealing the nature of its actions and mistakes, D.R. Horton also boosts consumer confidence in the D.R. Horton Brand and the D.R. Horton, Inc. - Gulf Coast Brand,

and avoids remediation and negative publicity, all of which further the scheme to defraud the surrounding land owners and allows D.R. Horton to sell more homes than it otherwise would, and to sell them at a higher price for more profit.

77.

For D.R. Horton, Inc. - Gulf Coast, the purpose of this scheme is detailed throughout the complaint. For example, D.R. Horton, Inc. - Gulf Coast participates in the Enterprise in order to increase the profits received by D.R. Horton, by avoiding land restrictions, allowing the company to build more houses and to inter alia avoid the costs associated with complying with proper drainage and construction laws. By concealing the nature of its actions and mistakes, D.R. Horton, Inc. - Gulf Coast also boosts consumer confidence in the D.R. Horton Brand and the D.R. Horton, Inc. - Gulf Coast Brand, and avoids remediation and negative publicity, all of which further the scheme to defraud the surrounding land owners and allows D.R. Horton, Inc. - Gulf Coast to facilitate the sale of more homes than it otherwise would, and to sell them at a higher price for more profit.

78.

For Acadian Trace HOA, Inc., the purpose of this scheme is detailed throughout the complaint. For example, Acadian Trace HOA, Inc. participates in the Enterprise in order to increase the amount of HOA dues and increase the number of homes that can be built by D.R. Horton, Inc. - Gulf Coast, by avoiding land restrictions, allowing the company to build more houses and to inter alia avoid the costs associated with complying with proper drainage and construction laws. By concealing the nature of its actions and mistakes, Acadian Trace HOA, Inc. also boosts consumer confidence in the neighborhood and the Acadian Trace Brand and avoids remediation and negative publicity, all of which further the scheme to defraud the

31

surrounding land owners and allows D.R. Horton, Inc. - Gulf Coast to facilitate the sale of more homes than it otherwise would, and to sell them at a higher price for more profit.

79.

For George Kurz, the purpose of this scheme is detailed throughout the complaint. For example, George Kurz made more money from D.R. Horton and D.R. Horton, Inc. - Gulf Coast by controlling the Acadian Trace Homeowners Association and ensuring that D.R. Horton, Inc. - Gulf Coast, his employer, was given the ability to bypass regulations and build substandard drainage development by his position on the Board of Directors for the Acadian Trace HOA, Inc. causing damage to Plaintiffs homes and properties.

80.

For Jake Lambert, the purpose of this scheme is detailed throughout the complaint. For example, Jake Lambert made more money from D.R. Horton and D.R. Horton, Inc. - Gulf Coast by controlling the Acadian Trace Homeowners Association and ensuring that D.R. Horton, Inc. - Gulf Coast, his employer, was given the ability to bypass regulations and build substandard drainage development by his position on the Board of Directors for the Acadian Trace HOA, Inc. causing damage to Plaintiffs homes and properties.

81.

For David Stanton, the purpose of this scheme is detailed throughout the complaint. For example, Stanton made more money from D.R. Horton and D.R. Horton, Inc. - Gulf Coast by controlling the Acadian Trace Homeowners Association and ensuring that D.R. Horton, Inc. - Gulf Coast, his employer, was given the ability to bypass regulations and build substandard

drainage development by his position on the Board of Directors for the Acadian Trace HOA, Inc. causing damage to Plaintiffs homes and properties.

82.

As detailed in the above, D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. were aware of the permitting issues and faulty development but they intentionally subjected Plaintiffs to the consequences of substandard development and subjected Plaintiffs to the financial losses associated with their actions and consciously disregarded the rights of Plaintiffs to maximize profits.

83.

To further the scheme to defraud, D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. repeatedly misrepresented the nature of the inadequate and fraudulent development defects.

84.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. devised a scheme- in furtherance of their collusive relationship- to defraud by the use of mail, telephone, and internet traveling in interstate or foreign commerce, writings, and/or signals including the D.R. Horton website, the D.R. Horton, Inc. - Gulf Coast Website, the Acadian Trace HOA, Inc. Facebook Page, statements to Plaintiffs via paper mail and email, communications between .R. Horton, D.R. Horton, Inc. - Gulf Coast, and Acadian Trace HOA, Inc.

85.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. utilize and have utilized the interstate and international mail and wires for the purpose of obtaining money or property by means of the omissions, false pretenses, and misrepresentations described therein.

86.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. pattern of racketeering activity in violation of the mail and wire fraud statutes includes, but is not limited to, the conduct alleged throughout this complaint.

87.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc.'s conduct in furtherance of their scheme was intentional. Plaintiffs were directly harmed as a result of RICO Defendants' intentional conduct.

88.

As described throughout this complaint D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. engaged in a pattern of related and continuous predicate acts and are likely to continue to do so. The predicate acts constituted and constitute a variety of unlawful activities each conducted with the common purpose of harming Plaintiffs and obtaining profit and control.

89.

The predicate acts were related and not isolated events.

90.

The predicate acts were committed or caused to be committed by D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. through their participation in the Enterprise and in furtherance of its fraudulent scheme, and were interrelated in that they involved a collusive relationship and a common purpose as described throughout this complaint.

91.

Plaintiffs aver that D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc., "RICO Defendants", have used the construction of the Acadian Trace subdivision to endanger the lives of plaintiffs for the benefit of RICO defendants.

92.

RICO defendants sent multitudes of communications to the Livingston Parish Council averring that the property was in compliance with the regulations while knowing this was not the case, in order to financially benefit from the falsities, constituting wire fraud.

93.

Plaintiffs aver that RICO Defendants engaged in a pattern of wire fraud that was widespread and is believed to still be occurring.

94.

Plaintiffs aver that RICO Defendants engaged in communications which were meant to defraud Plaintiffs of both tangible and intangible property rights.

95.

Plaintiffs aver that RICO defendants sent emails to plaintiffs containing fraudulent materials which were designed to induce Plaintiffs into submitting to the RICO Defendants Scheme.

96.

Based on the RICO Defendants' fraudulent misrepresentations and other illegal actions in connection with the Programs, Plaintiffs bring this action against the RICO Defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC §1961 *et seq.*, and other state laws. The RICO Defendants engaged in such violations directly and as co-conspirators. The state law claims arise out of the same transaction or occurrence or series of transactions or occurrences that form the basis of the RICO cause of action.

## CIVIL RICO COUNT II.

97.

In addition to the general factual allegations re-alleged and re-incorporated herein, through the general re-allegation and incorporation by reference paragraph above, Plaintiffs re-allege and incorporate by reference the allegations set forth in CIVIL RICO COUNT I.

98.

At all relevant times D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. have been and continue to be associated with the enterprise and have agreed and conspired to violate 18 USC 1962 (c), that is, agreed to conduct and participate, directly and indirectly in the conduct of the affairs of the Enterprise through a pattern of racketeering activity, in violation of 18 USC 1962(d).

99.

D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. knew their predicate acts of wire fraud and mail fraud were a part of a pattern of racketeering activity and agreed to the commission of those acts to further their purpose of defrauding Plaintiffs.

100.

As a direct and proximate cause of D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc.'s conspiracy and the multiple overt actions taken by D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., George Kurz, Jake Lambert, David Stanton and Acadian Trace HOA, Inc. in furtherance of that conspiracy, Plaintiffs have been injured in their persons and/or property.

## STATE COURT CLAIMS

## DECLARATORY RELIEF (ALL DEFENDANTS)

101.

The Amended Declaration unlawfully diluted the very restrictions which protected the monetary values and aesthetics of Plaintiffs' property. The amendments are self-serving, adopted by "interested directors" and conflicted members of the HOA, and breach the contractual relationship established by the community documents with Plaintiffs.

102.

The Amended Declaration is equally unlawful and unenforceable because the Acadian Trace Board of Directors, as currently composed of George Kurz, Dave Stanton and Adam Lambert, creates an impossible condition. These Defendants cannot act in the interests of both the HOA and D.R. Horton, Inc. - Gulf Coast, their employer.

103.

Because the Board of Directors is directly in conflict with the purpose of those positions and thus contrary to the purpose of the restrictive covenants, namely, failing to protect the aesthetic and monetary values of the Subdivision and each Owner's lot, the building restrictions which placed them in this position are illegal, improper, and thus unenforceable.

104.

Defendants D.R. Horton, Inc. and D.R. Horton, Inc. - Gulf Coast have developed homes throughout the Acadian Trace Subdivision which are adjoined to plaintiffs homes.

105.

Defendants have raised the elevation of the Acadian Trace properties, causing water to flow into the yards and homes of Plaintiffs rather than the rear of the back lot.

106.

Defendant D.R. Horton, Inc. - Gulf Coast built homes that directly interfere with the natural and historical flow of drainage for the Acadian Trace Subdivision.

107.

As a result of this alteration, Plaintiffs suffer complete loss of use of their yards, debris floating into their yards due to runoff, excessive standing water around their homes, flooding inside of their homes, mental anguish, embarrassment, loss of use of their homes, and loss of value of their homes.

108.

Defendant D.R. Horton, Inc. - Gulf Coast has failed to abate this nuisance to plaintiffs, even after learning of the problem.

109.

By enacting the Amended Declaration and Association Amendments, Defendants used the Louisiana Homeowners Association Act ("LHAA") to impair Plaintiffs' constitutionally protected rights.

110.

By having the Livingston Parish Clerk of Court record the amendments in the Conveyance Records and the Livingston Parish Council approving the actions of the Committee there has been sufficient "state action" for enforcement of the Plaintiffs' procedural due process rights and equal protection rights.

111.

The Amended Declaration deprived Plaintiffs of valuable property interests, including impairment of the aesthetics and monetary value of Plaintiffs' properties. Additionally, their interest in their personal safety and health has been impaired. Because the Amendments were enacted unilaterally by the Board of Directors, and under the direction of D.R. Horton Ltd through its subsidiary D.R. Horton, Inc. - Gulf Coast, while being approved by Livingston Parish, Plaintiffs were deprived of their procedural due process rights to prior notice and a meaningful opportunity to be heard.

112.

The Termination and Amended Declaration also violated Plaintiffs' equal protection rights by creating a disparity in the treatment of, and the impact upon, the Plaintiffs as compared to that of subsequent lot owners. The disparity includes, but is not limited to, the following:

A.  The flow of excessive water and debris onto the property of Plaintiffs, resulting in a risk to their safety, and a loss of value to their homes;

39

B. Whereas Plaintiffs will suffer a reduction in the aesthetics and value of their property, D.R. Horton, Inc. - Gulf Coast and subsequent lot owners will actually experience an increase in the value of their homes due to proximity with the superior homes of Plaintiffs;

C. Whereas Plaintiffs pay homeowner assessments, D.R. Horton, Inc. - Gulf Coast is exempt from assessments; and

D. Any and all other inequalities as may be subsequently discovered and proven at trial.

### 113.

The Louisiana Homeowners Association Act prohibits any use or interpretation of the statute to impair the constitutionally protected rights of the homeowners. The statute also provides Plaintiffs with the rights to damages and injunctive relief where the Association has violated a duty, including a constitutional duty, to the homeowners.

### 114.

In accordance with Fed. R. Civ. Pro. 57, *et seq*., Plaintiffs request that the Court declare the following rights of Plaintiffs arising under contract, statute, and other law, to-wit:

a) The Amended Declaration and Association Amendments are unlawful and unenforceable for the reasons set forth hereinabove;

b) The restrictions contained in the original Declaration are enforceable as written;

c) The original Declaration created a contract between defendants and plaintiffs, which was breached by defendants through failure to enforce the restrictions contained in said Declaration;

d) The individual defendants are personally liable to plaintiffs on the basis of intentional interference with the contact between defendants and plaintiffs, failing

to manage the Association as a separate entity, commingling of funds, unlawful distributions, conflict of interest, and/or such other fault as may be discovered and proven at trial;

e)      Defendants acted intentionally and in bad faith at all relevant times; and,

f)      Defendants violated Plaintiffs' rights to procedural due process and equal protection.

115.

As a result of this breach, plaintiffs have suffered physical and emotional damages from flooding caused at least in part by the failure of Livingston Parish to maintain the drainage servitudes dedicated to it.

116.

Acadian Trace HOA, Inc. owes a fiduciary duty to the members of the Association to protect the value of the properties which are the members of the association.

117.

Acadian Trace HOA, Inc. breached this duty when it approved D.R. Horton, Inc. - Gulf Coast to build homes not in accordance with pre-existing drainage servitudes and allowed D.R. Horton, Inc. - Gulf Coast to change the direction of the water flow to the detriment of the plaintiffs.

118.

As a result of this breach, plaintiffs have suffered physical and emotional damages as well as property damages and other damages which will be proved at trial.

## COUNT 1 - DERIVATIVE ACTION (ACADIAN TRACE HOA, INC.)

Plaintiffs incorporate by reference and re-allege each and every allegation as set forth fully hereinabove, and further state as follows:

### 119.

Acadian Trace HOA, Inc. owes a fiduciary duty to its members.

### 120.

Under the Articles of Incorporation of Acadian Trace HOA, Inc., each owner of a Lot is a member of the Corporation.

### 121.

This action is not a collusive one to confer jurisdiction that the court would otherwise lack.

### 122.

Above-captioned Plaintiffs made repeated requests to the Acadian Trace HOA, Inc. to stop the flooding which has taking place within the neighborhood; however, these complaints were not acted upon.

### 123.

Plaintiffs aver that further complaints to the Acadian Trace HOA, Inc. about D.R. Horton would have been fruitless since D.R. Horton Employees were in charge of Acadian Trace HOA, Inc.

### 124.

Acadian Trace HOA, Inc. has failed to pursue action against D.R. Horton, Inc. - Gulf Coast for the flooding which has taken place in Acadian Trace Subdivision.

125.

Acadian Trace HOA, Inc., by failing to take action, is harming the interests of its members and is diluting the value of their interests in Acadian Trace HOA, Inc., as well as their individual homes.

126.

Acadian Trace HOA, Inc. is currently incapable of representing the rights and interests of the homeowners of Acadian Trace subdivision due to the conflicted "interested directors" who were put into positions of power and control.

## <u>COUNT 2 - BREACH OF FIDUCIARY DUTY (ALL DEFENDANTS EXCEPT HOMEOWNER DEFENDANTS)</u>

Plaintiffs incorporate by reference and re-allege each and every allegation contained above as fully set forth herein, and further state as follows:

127.

Livingston Parish Council breached this duty when the Parish approved the poor drainage plans of D.R. Horton in Acadian Trace.

128.

Livingston Parish Council further breached this duty when it failed to take any remedial measures to ensure D.R. Horton complied with Parish ordinances when building the Acadian Trace Subdivision after it was put on notice of a drainage problem.

129.

Livingston Parish Council breached its fiduciary duty when it did not ensure that D.R. Horton complied with relevant engineering standards when building the Acadian Trace Subdivision.

130.

As a result of this breach, Plaintiffs have suffered loss of property value, emotional and physical damages, as well as a loss of confidence that the Parish can protect its citizens.

131.

 D.R. Horton, Inc. - Gulf Coast is currently in control of the Developer Rights pursuant to the Assignment of Developer Rights executed on January 16, 2019.   D.R. Horton, Inc. - Gulf Coast inserted its own employees into the position of the Board of Directors, thus undertaking a fiduciary duty to act in the best interest of Acadian Trace HOA, Inc.

132.

George Kurz, David Stanton, and Jake Lambert all accepted fiduciary positions on the Acadian Trace HOA, Inc. Board of Directors.

133.

George Kurz, David Stanton, and Jake Lambert all breached this duty when they acted in the best interest of their employer, D.R. Horton, Inc. - Gulf Coast and not Acadian Trace HOA, Inc., when they approved and allowed houses to be built that would lower the values of the homes inside of Acadian Trace Subdivision, cause flooding to these houses, and endanger the safety of the residents, in order to benefit their employer D.R. Horton, Inc. - Gulf Coast.

134.

As a result of this breach, plaintiffs have suffered physical and emotional damages, property damages and other damages to be proved at trial.

135.

By failing to keep the drainage servitudes around the Acadian Trace Subdivision clear of debris and blockages, Livingston Parish has breached these duties.

## COUNT 3 - BREACH OF LOUISIANA UNFAIR TRADE PRACTICES ACT (D.R. HORTON, INC. - GULF SOUTH, D.R. HORTON, INC., ACADIAN TRACE HOA, INC., GEORGE KURZ, DAVID STANTON AND JAKE LAMBERT)

Plaintiffs incorporate by reference and re-allege each and every allegation contained above as fully set forth herein, and further state as follows:

136.

Plaintiffs aver that D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., Acadian Trace HOA, Inc., George Kurz (in his personal capacity), David Stanton (in his personal capacity), and Jake Lambert (in his personal capacity) have engaged in unfair trade practices under LSA- R.S. 51:1401, *et seq.*

137.

Specifically, but without limitation, Plaintiffs aver that Defendants' continual efforts to collect assessments under the (illegal) Amended Declaration constitutes a continuing violation of unfair trade practices.

138.

In addition to or in the alternative, Plaintiffs further aver that Defendants D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., Acadian Trace HOA, Inc., George Kurz (in his personal capacity), David Stanton (in his personal capacity), and Jake Lambert (in his personal capacity) continuously engage in a deceptive and unfair business practices in ways designed to harm the consumer interests of Plaintiffs.

139.

In addition to or in the alternative, Plaintiffs further aver that Defendants D.R. Horton, Inc. - Gulf Coast, D.R. Horton, Inc., Acadian Trace HOA, Inc., George Kurz (in his personal capacity), David Stanton (in his personal capacity), and Jake Lambert (in his personal capacity) continually and consistently engage in business practices that are illegal, immoral, unscrupulous, and against public policy.

### COUNT 4 - NUISANCE AND NEGLIGENCE (D.R. HORTON, INC. - GULF COAST, D.R. HORTON, INC., LIVINGSTON PARISH COUNCIL, AND HOMEOWNER DEFENDANTS

Plaintiffs incorporate by reference and re-allege each and every allegation contained above as fully set forth herein, and further state as follows:

140.

In utter disregard of Plaintiffs' right to enjoy their property, Defendant D.R. Horton, Inc. - Gulf Coast has failed to control the excessive water runoff created by their construction.

141.

As a result of the failure to abate nuisance/negligence of Defendant D.R. Horton, Inc. - Gulf Coast and Acadian Trace HOA, Inc., standing water has become prevalent in Plaintiffs yards, restricting their ability to use their yards and further causing embarrassment and mental anguish.

142.

The increased flow of water has also caused the foundations of Plaintiffs' homes to deteriorate, representing a massive expense for plaintiffs.

143.

Since their purchase of the properties developed by D.R. Horton, Inc. - Gulf Coast,

Homeowner Defendants Austin R. Kinchen, Nicole S. Lato, Dawna Tully, Danielle Vado, Rafael

Vado, Kristen Sumrall, Curneshia S. Skinner, Jon Jermaine Palmer, Kyle A. Burgan, Demerria

Drake-Young, Kourtin Morrell, Janice Morgan, Phillip J. Davidson, Jr., Steven J. Scavo, Jr.,

Richard M. Adams, Joshua P. Serrano, Jennifer Gonzales, Dawn Smith, and Ryan Smith, and/or

their employees, agents, and/or assigns have continued to negligently fail to abate the nuisance

flowing from their properties onto the properties of Plaintiffs.

144.

In addition to or in the alternative, at all times relevant hereto, Defendants D.R. Horton,

Inc. - Gulf Coast, Acadian Trace HOA, Inc., Austin R. Kinchen, Nicole S. Lato, Dawna Tully,

Danielle Vado, Rafael Vado, Kristen Sumrall, Curneshia S. Skinner, Jon Jermaine Palmer, Kyle

A. Burgan, Demerria Drake-Young, Kourtin Morrell, Janice Morgan, Phillip J. Davidson, Jr.,

Steven J. Scavo, Jr., Richard M. Adams, Joshua P. Serrano, Jennifer Gonzales, Dawn Smith, and

Ryan Smith knew or should have known that the drainage systems on the properties were

inadequate and were interfering with Plaintiffs' use and enjoyment of their properties.

145.

In addition to or in the alternative, at all times relevant hereto, Defendant Livingston

Parish Council knew or should have known that D.R. Horton, Inc. - Gulf Coast and its successors

in title were building faulty facilities and causing excess water, debris, and erosion to occur on

the properties of Plaintiffs.

146.

At all relevant times, defendant Livingston Parish Council knew or should have known that D.R. Horton, Inc. - Gulf Coast and its successors in title were building faulty facilities and causing excess water, debris, and erosion to occur on the properties of the Plaintiffs.

147.

Livingston Parish Council failed to act in a reasonably prudent manner and, as a result, Plaintiffs have suffered loss of use, property damage, mental anguish, and other damages to be proven at trial.

148.

At all times relevant hereto, Livingston Parish Council had a duty to ensure that the drainage servitudes publicly dedicated to Livingston Parish were clear from debris and could adequately drain the areas surrounding the Acadian Trace subdivision.

149.

The drainage servitudes dedicated to public use have not been maintained.

150.

On or around May 24, 2021, Livingston Parish informed the Home Owners that the Sewage system was not designed for the number of houses built in the neighborhood.

151.

As a result of Livingston Parish Council's negligence in maintaining the servitudes, Plaintiffs have suffered flooding, loss of use of their properties, mental anguish, and other damages to be proven at trial.

## RESERVATION OF RIGHTS

152.

There are a great number of documents and other forms of information (including emails, text messages, correspondence between/among Defendants, and entity organizational and managerial documents) that are within Defendants' possession, custody, or control to which Plaintiffs do not have access.  These documents and information will likely support Plaintiffs' existing claims and may give rise to additional claims or causes of action against the Defendants and other conspirators. As such, Plaintiffs hereby request that Defendants take every effort to preserve all evidence relating to this matter, including but not limited to emails, text messages, correspondence, contracts, and agreements. Further, Plaintiffs reserve their right to assert additional claims after discovery in this case and reserve the right to seek relief from Defendants under any other viable legal theory.

## DAMAGES

153.

As a result of Defendants' unlawful actions, Plaintiffs have sustained the loss of monetary value of their lot and residence, the loss of the enjoyment of their property and its aesthetic value, related intellectual damages, mental anguish, emotional distress, harassment, humiliation, worry, embarrassment, future medical expenses, lost wages, any increase in their assessments related to D.R. Horton, Inc. - Gulf Coast's exemption from assessments, attorneys' fees and court costs, and all other damages caused by the actions of defendants.

154.

As a result of Defendants' unlawful actions, the Acadian Trace HOA, Inc. has sustained the loss of assessments diverted to Defendants' account, the loss of assessments that should be

paid by D.R. Horton, Inc. - Gulf Coast and/or D.R. Horton, Inc., the loss of value in the subdivision as a whole, attorneys' fees and court costs, and all other damages caused by the actions of Defendants.

155.

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury for all matters so triable.

**WHEREFORE**, Plaintiffs pray that that all Defendants be cited and served and made to appear and answer this Petition and after due proceedings are had, that declaratory judgment be rendered against Defendants, declaring as follows:

*Termination of Declaration of Building Restrictions and Predial Servitudes* are unlawful and unenforceable for the reasons set forth hereinabove;

The restrictions contained in the original *Declaration of Covenants and Restrictions for Acadian Trace* are enforceable as written;

The original *Declaration of Covenants and Restrictions for Acadian Trace* created a contract between Defendants and Plaintiffs, which was breached by Defendants through failure to enforce the restrictions contained in said *Declaration of Covenants and Restrictions for Acadian Trace*;

The individual Defendants are personally liable to Plaintiffs on the basis of intentional interference with the contract between Defendants and Plaintiffs, failing to manage the Association as a separate entity, commingling of funds, unlawful distributions, conflict of interest, breach of fiduciary duty, and any and all other fault as may be discovered and proven at trial;

In accordance with Fed. R. Civ. Pro. 57, *et seq*., Plaintiffs request that the Court declare the following rights of Plaintiffs arising under contract, statute, and other law, to-wit:

    a.  The Amended Declaration and Association Amendments are unlawful and unenforceable for the reasons set forth hereinabove;

    b.  The restrictions contained in the original Declaration are enforceable as written;

c.  The original Declaration created a contract between defendants and plaintiffs, which was breached by defendants through failure to enforce the restrictions contained in said Declaration;

d.  The individual defendants are personally liable to plaintiffs on the basis of intentional interference with the contact between defendants and plaintiffs, failing to manage the Association as a separate entity, commingling of funds, unlawful distributions, conflict of interest, and/or such other fault as may be discovered and proven at trial;

e.  Defendants acted intentionally and in bad faith at all relevant times; and,

f.  Defendants violated Plaintiffs' rights to procedural due process and equal protection.

**PLAINTIFFS FURTHER PRAY** that judgment be rendered in favor of Plaintiffs and against Defendants, **D.R. HORTON, INC. - GULF COAST, D.R. HORTON, INC., ACADIAN TRACE HOA, INC., GEORGE KURZ, DAVID STANTON, JAKE LAMBERT,** for violations of the Civil Rico Statute including treble damages and attorneys fees.

**PLAINTIFFS FURTHER PRAY that judgment be rendered in favor of Plaintiffs and against Defendants, D.R. HORTON, INC. - GULF COAST, D.R. HORTON, INC., ACADIAN TRACE HOA, INC., GEORGE KURZ, DAVID STANTON, JAKE LAMBERT, LIVINGSTON PARISH COUNCIL, AUSTIN R. KINCHEN, NICOLE S. LATO, DAWNA TULLY, DANIELLE VADO, RAFAEL VADO, KRISTEN SUMRALL, CURNESHIA S. SKINNER, JON JERMAINE PALMER, KYLE A. BURGAN, DEMERRIA DRAKE-YOUNG, KOURTIN MORRELL, JANICE MORGAN, PHILLIP J. DAVIDSON, JR., STEVEN J. SCAVO, JR., RICHARD M. ADAMS, JOSHUA P. SERRANO, JENNIFER GONZALES, DAWN SMITH, and RYAN SMITH**, jointly, severally, and *in solido*, or as their respective liabilities may appear, for all damages sustained by

Plaintiffs, in the types and amounts set forth hereinabove and sufficient to satisfy the needs of justice, and in the amounts deemed compensatory by the Court.

      **PLAINTIFFS FURTHER PRAY** for a trial by jury for all matters so triable.

      **PLAINTIFFS FURTHER PRAY** for any and all other full, general, or equitable relief as the Court may deem right and proper in the premises.

          Respectfully Submitted by:

          **WHITEHEAD LAW FIRM**

          By:   /s/ Jack K. Whitehead, Jr.
          JACK K. WHITEHEAD, JR.. #17863
          JOHN-ED L. BISHOP (31622)
          JOSH L. DAVIS (39153
          11909 Bricksome Avenue, Suite W-3
          Baton Rouge, Oklahoma  70816
          Telephone: (225) 303-8600
          Fax: (225) 303-0013
          teamwhitehead@whitehead-law.com

          **PENDLEY, BAUDIN & COFFIN, L.L.P.**

          By:   /s/Patrick W. Pendley
          PATRICK W. PENDLEY (10421)
          ANDREA BARIENT (35643)
          24110 Eden St.
          Plaquemine, LA 70764
          Telephone :(225) 687-6396
          Facsimile: (225) 687-6398