**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

LINDSEY LEE, ET. AL                                                     CIVIL ACTION

VERSUS                                                            21-442-SDD-EWD

D.R. HORTON, INC–GULF COAST,
ET. AL

## RULING AND ORDER

There are two *Motions* pending before the Court. Defendants Acadian Trace HOA, Inc., D.R. Horton, Inc., D.R. Horton, Inc. – Gulf Coast, George Kurz, Jake Lambert, David Stanton ("Defendants") filed a *Motion to Dismiss*[1] the *Amended and Restated Complaint*.[2] All Plaintiffs joined in filing an *Opposition*.[3] Also pending before the Court is a *Motion to Dismiss Pursuant to FRCP Rule 12(B)(4),(5),(6), Motion for Summary Judgment Pursuant to FRCP Rule 56*[4] filed by Third-Party Defendant, La. Construction & Industry ("LCI").

After Defendants filed the *Motion to Dismiss*, Plaintiffs filed a *Third Amended and Restated Complaint*.[5] In their *Opposition,* Plaintiffs urge the Court to deny as moot Defendants' *Motion* due to the filing of the most recent *Complaint*.

As this Court has recently stated, "many district courts—including those in this Circuit—routinely deny as moot motions to dismiss that are filed prior to an amendment

---

[1] Rec. Doc. No. 34.
[2] Rec. Doc. No. 30.
[3] Rec. Doc. No. 93.
[4] Rec. Doc. No. 85.
[5] Rec. Doc. No. 86.

of a complaint."[6] "And while a court may apply a pending Rule 12 motion to a newly amended complaint, it should nonetheless deny the pending motion as moot if that application would cause confusion or detract from the efficient resolution of the issues...."[7]

In this case, judicial efficiency will be best served by denying Defendants' *Motion*, without prejudice, as moot. The *Amended and Restated Complaint*[8] that Defendants moved to dismiss is significantly different than the operative *Third Amended and Restated Complaint*.[9] The former is 55 pages in length, while the latter is 142 pages in length and includes numerous new attachments. Therefore, given the stark differences between the two *Complaints*, Defendants' *Motion to Dismiss*[10] is denied, without prejudice, as moot.

The Court turns to LCI's *Motion*.[11] Local Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one days after service of the motion. Despite this rule, Third-Party Plaintiffs D.R. Horton, Inc. and D.R. Horton, Inc – Gulf Coast ("Third-Party Plaintiffs") have failed to timely oppose this *Motion*, which was electronically filed on February 18, 2022. Under the Federal Rules of Civil Procedure and the Local Rules of Court, Third-Party Plaintiffs were required to file an opposition no later than March 11, 2022.  Therefore, the pending *Motion* is deemed to be unopposed. Further, after reviewing the record, the Court finds

---

[6] *Louisiana v. Bank of Am. Corp.*, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (quoting *Rodgers v. Gusman*, 2019 WL 186669, at *2 & n.16 (E.D. La. Jan. 14, 2019) (collecting cases) (cleaned up).
[7] *Id*. (cleaned up).
[8] Rec. Doc. No. 30.
[9] Rec. Doc. No. 86.
[10] Rec. Doc. No. 34.
[11] Rec. Doc. No. 85.

that the *Motion* has merit, particularly because LCI's *Statement of Undisputed Facts*[12] must be taken as true under Local Rule 56(f).

Accordingly, **IT IS HEREBY ORDERED** that LCI's *Motion*[13] is GRANTED.

Any *Motions* in response to this *Ruling* <u>shall explain Third-Party Plaintiffs' failure to comply with the Court's deadlines</u> and be based on the appropriate Federal Rule of Civil Procedure and shall be filed within fourteen (14) days <u>and</u> must be accompanied by opposition memoranda to the original *Motion*.

Additionally, **IT IS HEREBY ORDERED** that Defendants *Motion to Dismiss*[14] is denied, without prejudice, as moot.

Baton Rouge, Louisiana, this 11th day of April, 2022.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] Rec. Doc. No. 85-3.
[13] Rec. Doc. No. 85.
[14] Rec. Doc. No. 34.