UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LINDSEY LEE, ET. AL    CIVIL ACTION

VERSUS    21-442-SDD-EWD

D.R. HORTON, INC–GULF COAST,
ET. AL

## RULING AND ORDER

There are three *Motions* pending before the Court: a *Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) and to Strike Plaintiff's Third Amended and Restated Complaint under Rule 12(f)*[1] filed by Defendants D.R. Horton, Inc., D.R. Horton, Inc. – Gulf Coast, Acadian Trace HOA, Inc., George Kurz, Jake Lambert, and David Stanton (collectively, "D.R. Horton Defendants"); a *Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)*[2] filed by Defendant Production Builder Services, Inc. d/b/a Carter & Clark ("C&C"); and a *Motion to Revive*[3] filed by Plaintiffs, Lindsey Lee, Wayne Ballard, Jr., Jennifer Ballard, Ronald Roberts, III, Kathryn Roberts, Zachary Russell, Lacey Russell, Luis Hinostroza, Tim Addison II, Stacy Addison, Jonathan McMorris, and Gilbert Bankston, III (collectively, "Plaintiffs"). For the reasons addressed herein, the Court will: GRANT the *Motion to Dismiss and Strike* filed by the D.R. Horton Defendants, GRANT the *Motion to Dismiss* filed by C&C, and DENY the *Motion to Revive* filed by Plaintiffs.[4]

---

[1] Rec. Doc. 108.
[2] Rec. Doc. 120.
[3] Rec. Doc. 148.
[4] Rec. Doc. 108; Rec. Doc. 120; Rec. Doc. 148.

**I.     BACKGROUND**

The D.R. Horton Defendants filed their *Motion to Dismiss and Strike* on April 19, 2022.[5] C&C filed its *Motion to Dismiss* on May 18, 2022.[6] Under the Federal Rules of Civil Procedure and the Local Rules of the Court, Plaintiffs were required to file responses to these *Motions* no later than May 10, 2022, and June 8, 2022, respectively. However, they failed to file opposition memoranda or request leave for an extension of time within the requisite delays.

Plaintiffs requested a three-week extension to respond to the *Motions* during a status conference held on July 28, 2022.[7] The D.R. Horton Defendants and C&C objected to the request as untimely.[8] Magistrate Judge Erin Wilder-Doomes allowed Plaintiffs until August 11, 2022 to move the Court for leave to file their untimely opposition memoranda.[9]

Plaintiffs failed to comply with the Magistrate Judge's Order and instead filed a *Motion for Enlargement of Time* to file their opposition briefs.[10] Plaintiffs' counsel cited a heavy caseload, overworked staff, "rookie" law clerks, and COVID-19 as reasons warranting a further ten-day extension.[11] The D.R. Horton Defendants opposed Plaintiffs' request.[12] On August 19, 2022, the Court issued an *Order* granting Plaintiffs a thirty-day extension to file their opposition memoranda.[13] Plaintiffs once again failed to file their briefs within this extended delay.

---

[5] Rec. Doc. 108.
[6] Rec. Doc. 120.
[7] Rec. Doc. 131, p. 2–3.
[8] *Id.* at p. 3.
[9] *Id.*
[10] R. Doc. 143.
[11] *Id.* at p. 2.
[12] Rec. Doc. 146.
[13] Rec. Doc. 145.

On October 17, 2022, approximately one month after the extension lapsed, Plaintiffs moved for leave to "revive" the August 19, 2022 *Order* that granted their *Motion for Enlargement of Time*.[14] They claim they were initially unaware of the *Order* because their attorneys' email servers marked notice from the Court's electronic filing system as a "bulk" or "spam" message.[15] Per the *Motion to Revive*, Plaintiffs first learned that the extension of time was granted on September 27, 2022, when "a new firm law clerk and an experienced paralegal" advised Plaintiffs' counsel, Jack Whitehead, that he missed the September 19, 2022 filing deadline.[16]

Plaintiffs' counsel then consulted the Clerk of Court for the United States District Court, Middle District of Louisiana and various Court personnel regarding the alleged lack of notice.[17] The Clerk's office confirmed that electronic notice was sent by the Court, received by the email servers of the Whitehead Law Firm and Pendley Law Firm, and ultimately rejected by the law firms' servers.[18] Plaintiffs did not attach proposed opposition memoranda to their request to untimely respond to the *Motions*. Rather, they moved for yet another 30-day extension.[19]

On November 18, 2022—prior to the Court ruling on the *Motion to Revive*—Plaintiffs filed an *Opposition* to the D.R. Horton Defendants' *Motion to Dismiss*

---

[14] Rec. Doc. 148. The *Motion* was submitted in CM/ECF as a "Motion to Revive Doc. Rec. 145" but captioned as "Motion for Leave to File Pleadings as Ordered in Doc Rec 145." The memorandum in support, Rec. Doc. 148-1, is captioned as "Memorandum in Support of Motion to Revive Doc. Rec. 145." Relief is requested in the form of a "new order… allowing the Plaintiffs thirty days from the granting of a new order to file its response to D.R. Horton's Motion to Dismiss." Rec. Doc. 148, p. 5. Therefore, the Court will treat the *Motion* as one for leave for an additional enlargement of time.
[15] *See* Rec. Doc. 148; Rec. Doc. 148-8, p. 2.
[16] Rec. Doc. 148, p. 2.
[17] *Id.* at p. 3.
[18] Rec. Doc. 148-8, p. 2.
[19] *See* Rec. Doc. 148.

*and Strike* but failed to request leave to file the brief out of time.[20] The D.R. Horton Defendants filed a *Reply* on December 1, 2022.[21] C&C filed a *Reply* on December 2, 2022, noting that Plaintiffs failed to oppose their *Motion to Dismiss*.[22]

## II.    LAW AND ANALYSIS

### A. *Motion to Revive*

Local Rule 7(f) of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. Plaintiffs failed to timely oppose the *Motions to Dismiss* in accordance with Local Rule 7(f) and further failed to seek an extension of time to file within the initial deadlines. Under Federal Rule of Civil Procedure 6(b)(1), the Court may, for good cause, grant an extension after the time for response has expired if "the party failed to act because of excusable neglect."[23] Excusable neglect is an "elastic concept" that takes account of "all relevant circumstances surrounding the party's omission."[24] "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)."[25]

Over objection, the Court granted the Plaintiffs two extensions of time to file opposition memoranda to the *Motions* of C&C and the D.R. Horton Defendants. Both times Plaintiffs failed to file oppositions by the Court-ordered deadlines. They claim a

---

[20] Rec. Doc. 151.
[21] Rec. Doc. 152.
[22] Rec. Doc. 153.
[23] Fed. R. Civ. P. 6(b)(1).
[24] *McCarty v. Thaler*, 376 Fed.Appx. 442, 444 (5th Cir.2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993)).
[25] *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98 (1990)).

third extension is warranted due to a "snafu" involving their attorneys' email accounts, which prevented them from receiving electronic notice of the Court's *Order*.[26]

The Fifth Circuit recently described a similar situation as "a cautionary tale for every attorney who litigates in the era of e-filing."[27] Placing blame on the electronic-filing system is "an updated version of the classic 'my dog ate my homework' line."[28] A party has a duty to monitor the Court's docket and is in the best position to ensure that his own email is working properly.[29] Faulty email settings, communications landing in spam folders, and issues caused by anti-virus software have been considered "inexcusable" reasons for failing to timely file responsive pleadings.[30]

Plaintiffs' argument for an extension is not just unpersuasive but disingenuous. Plaintiffs' counsel knew of the "snafu" on September 27, 2022, yet he sought no relief until October 17th, when he filed a nonsensical *Motion* to "revive" an extension of time which had long since lapsed.[31] To be succinct, Plaintiffs' counsel learned on September 27th that he missed a filing deadline on September 19th. On October 17th, he filed a *Motion to Revive* the September 19th deadline, and then filed an *Opposition*, without leave of Court, on November 18th, 2022.[32]

---

[26] Rec. Doc. 148, p. 2.
[27] *Rollins v. Home Depot USA*, 8 F.4th 393, 395 (5th Cir. 2021).
[28] *Id.* at 397 (quoting *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004)).
[29] *See id.* at 396-97.
[30] *Id.* (no excusable neglect found where counsel's email system placed court notifications in a folder that counsel rarely monitors); *Onwuchekwe v. Okeke*, 404 F. App'x 911 (5th Cir. 2010) (per curiam) (sending court communications to the spam folder is inexcusable neglect); *Trevino v. City of Fort Worth*, 944 F.3d 567, 572 (5th Cir. 2019) (defective antivirus software diverting court emails to a spam folder does not constitute excusable neglect).
[31] Rec. Doc. 148, "Motion to Revive" the Court's prior *Order* granting an extension to oppose the pending *Motions to Dismiss* until September 19, 2022.
[32] Rec. Doc. 151

"A party has a 'duty of diligence to inquire about the status of a case.'"[33] Plaintiffs admittedly neglected this duty by not discovering the August 19, 2022 *Order* until after the deadline lapsed.[34] This is not the first time Plaintiffs have made such an omission: Their reasons for failing to file opposition memoranda within the first extended time period attributed blame to their counsel, who "mistakenly understood" an earlier ruling "as dismissing all pending motions."[35] It is in "inexcusable" for counsel to "fail to read all of the underlying orders they received, or—at minimum—to monitor the docket for any corrections or additional rulings."[36]

Plaintiffs' failure to exercise diligence in the six months since the *Motions to Dismiss* were filed does not constitute excusable neglect or warrant any additional enlargement of time.[37] They received ample time to comply with the twice-extended deadlines, and further extension would prejudice the Defendants.[38] Accordingly, the *Motion to Revive* is denied.[39]

### B. *Motions to Dismiss*

C&C and the D.R. Horton Defendants move for Rule 12(b)(6) dismissal of various claims asserted against them in Plaintiffs' *Third Amended and Restated Complaint*.[40]

---

[33] *Trevino*, 944 F.3d at 571.
[34] Rec. Doc. 148, p. 2.
[35] Rec. Doc. 143, p. 2.
[36] *Rollins*, 8 F.4th at 397 (citing *Two-Way Media LLC v. AT&T, Inc.*, 782 F.3d 1311, 1317 (Fed. Cir. 2015)).
[37] "[S]uch delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162, n. 9 (5th Cir. 2006).
[38] *See Adams*, 465 F.3d 156 at 161–62 (finding no excusable neglect when the plaintiff filed an untimely response after two extensions); *Vaseudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147, 150-51 (5th Cir. 2017) (finding same); *Rasco v. Potter*, 265 Fed.Appx. 279, 283 (5th Cir. 2008) (finding no excusable neglect when the plaintiff filed an untimely response after three extensions of time).
[39] Rec. Doc. 148.
[40] Fed. R. Civ. P. 12(b)(6); Rec. Doc. 120; Rec. Doc. 108; Rec. Doc. 86.

C&C seeks dismissal of Plaintiffs' claims brought under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), for violating Plaintiffs' procedural due process and equal protection rights, and for fraud and intentional interference with a contract under state law.[41] Plaintiffs did not file a response to C&C's *Motion to Dismiss*.

The D.R. Horton Defendants also seek dismissal of the RICO claims asserted against them, or, alternatively, to strike portions of the *Complaint* related to the RICO claims pursuant to Rule 12(f).[42] Plaintiffs filed an untimely *Opposition* to the *Motion to Dismiss and Strike* without requesting leave as required by Rule 6(b)(1).[43] Therefore, the *Opposition* is not properly before the Court.

Accordingly, both the *Motion to Dismiss and Strike* filed by the D.R. Horton Defendants and the *Motion to Dismiss* filed by C&C are unopposed. Further, after reviewing the applicable law and the allegations, the Court finds that both *Motions* have merit.[44] The Court will grant the *Motions* in accordance with these findings.

### III.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Revive* is DENIED.[45]

**IT IS FURTHER ORDERED** that the D.R. Horton Defendants' *Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) and to Strike Plaintiff's Third Amended and Restated Complaint under Rule 12(f)* is GRANTED, and Plaintiffs' RICO claims against D.R. Horton, Inc., D.R. Horton, Inc. – Gulf Coast, Acadian Trace HOA, Inc.,

---

[41] Rec. Doc. 120.
[42] Rec. Doc. 108; Fed. R. Civ. P. 12(f).
[43] Rec. Doc. 151; Fed. R. Civ. P. 6(b)(12).
[44] Rec. Doc. 108; Rec. Doc. 120.
[45] Rec. Doc. 148.

George Kurz, Jake Lambert, and David Stanton are hereby DISMISSED WITH PREJUDICE.[46]

**IT IS FURTHER ORDERED** that C&C's *Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6)* is GRANTED, and each of Plaintiffs' claims asserted against Production Builder Services, Inc. d/b/a Carter & Clark are hereby DISMISSED WITH PREJUDICE.[47]

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 8th day of December, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[46] Rec. Doc. 108.
[47] Rec. Doc. 120.